17 F.3d 1443
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Richard L. GALLAGHER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3338.
 United States Court of Appeals, Federal Circuit.
 Jan. 12, 1994.
 
 Before RICH, ARCHER, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Richard L. Gallagher petitions for review of the April 6, 1993 decision of the Merit Systems Protection Board, Docket No. BN0752850178C1, dismissing as untimely his petition for enforcement of a previous Board order. We affirm.
 
 DISCUSSION
 
 2
 Gallagher was removed from his position as a postal carrier with the United States Postal Service ("the agency") in 1985. On May 23, 1986, the Board ordered that Gallagher be reinstated and awarded back pay and other benefits. The Board's order explicitly stated that any petition for enforcement must be made in accordance with 5 C.F.R. Sec. 1201.182(a) (1993), which provides that "[a]ny petition for enforcement [of a Board decision] that is filed more than 30 days after the date of service of the agency's notice that it has complied [with the Board's order] must contain a statement and evidence showing good cause for the delay."
 
 
 3
 On December 15, 1986, pursuant to the Board's order, the agency sent Gallagher a check in the amount of $7,205.28 for his back pay and notice that his outside earnings precluded any additional award of back pay. Gallagher states that in October 1987 he requested records from the agency so that he could evaluate the correctness of that payment and again was told that the agency believed it was in compliance with the Board's order. On May 20, 1992, Gallagher sent a letter to the agency stating that the 1986 back pay payment was erroneous and demanding payment in excess of $29,000. On August 10, 1992, more than six years after the Board's 1986 order, Gallagher filed a petition for enforcement with the Board, alleging that the agency's December 1986 back pay payment was deficient. The agency moved to dismiss Gallagher's petition as untimely filed.
 
 
 4
 The administrative judge (AJ) dismissed the petition as untimely filed, finding that Gallagher was notified that the agency believed it was in compliance with the Board order in December 1986 when it sent Gallagher a check for back pay. The AJ thus concluded that Gallagher failed to file his petition within the 30-day time limit. The AJ declined to waive the time limit for good cause, reasoning that Gallagher had not shown due diligence or ordinary prudence by waiting more than five years for the agency to respond to his request for records before he filed his enforcement petition. The AJ's decision became the final decision of the Board when it denied review on April 6, 1993.
 
 
 5
 Gallagher first argues that his petition for enforcement was timely under section 436.26 of the Postal Service's Employee and Labor Relations Manual, which provides that "[a]ny claim made by a postal employee ... for back pay must be submitted to the appropriate office within six full years after the date such claim first occurred." Gallagher asserts that the Board's order requires the agency to award back pay "in accordance with agency regulations" and that the agency's six-year statute of limitations for filing a back pay claim applies in this case. Gallagher states that he filed his back pay claim on May 20, 1992 when he submitted a letter to the agency requesting additional back pay and that his claim was thus timely filed within the six-year time period.
 
 
 6
 The AJ concluded that the agency regulation would not toll the Board's 30-day time limit. Slip op. at 2 n. 1. We cannot say that the agency acted contrary to law in so concluding, as Gallagher's enforcement petition was before the Board and was thus governed by the Board's procedural regulations. Furthermore, the Board's May 1986 order explicitly stated that any petition for enforcement must be made in accordance with 5 C.F.R. Sec. 1201.182(a), which provides for the 30-day time limit. Gallagher was thus on notice at the time of the Board's order that he was required to file a petition for enforcement within the 30-day time limit. Contrary to Gallagher's argument, the six-year Postal Service requirement cannot override the Board's 30-day time limit when the action in which Gallagher was engaged was enforcement of the Board's order, rather than an initial claim to the Postal Service for back pay.
 
 
 7
 Alternatively, Gallagher argues that the AJ abused her discretion in failing to waive the time limit because Gallagher waited for the agency to act on his request for records for nearly five years. Whether the regulatory time limit should be waived based upon a showing of good cause is a matter committed to the Board's discretion and we will not substitute our own judgment for that of the Board. See Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc) (addressing time limit under 5 C.F.R. Sec. 1201.22); 5 U.S.C. Sec. 7703(c) (1988).
 
 
 8
 There was no abuse of discretion here. After Gallagher received the agency's back pay payment and notice that the agency believed it was in compliance, he waited nearly six years before he filed his enforcement petition. Furthermore, nearly one year passed between the time that Gallagher received the back pay payment from the agency and the time that he allegedly requested records from the agency for the purpose of assessing the correctness of the payment. Under these circumstances, we cannot say that the Board abused its discretion in dismissing Gallagher's petition as untimely filed.